FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

2014 OCT -9 PM 12: 09

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

BARTON TAYLOR COOK III

   Plaintiff

-v-

ETHICAL RECOVERY SOLUTIONS, LLC

   Defendant

Case ___8:14 cv 2562 T 33 TBM___

_____/

### COMPLAINT

Plaintiff, BARTON TAYLOR COOK III, individually, hereby sues Defendant,

ETHICAL RECOVERY SOLUTIONS, LLC for violations of the Telephone Consumer

Protection Act (TCPA) Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 and the

Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §559

### PRELIMINARY STATEMENT

1.      This is an action for damages and injunctive relief brought by Plaintiff

against Defendant for violations of the Telephone Consumer Protection

Act (TCPA) 47 USC §227(b)(1)(A), Telephone Consumer Protection Act

(TCPA) 47 USC §227(b)(1)(A)(iii), Fair Debt Collection Practices Act

(FDCPA) 15 USC §1692e(10), Fair Debt Collection Practices Act

(FDCPA) 15 U.S.C. §1692e(2), Fair Debt Collection Practices Act

(FDCPA) 15 U.S.C. §1692f(8), Fair Debt Collection Practices Act ,the

Florida Consumer Collection Practices Act (FCCPA), FLA. STAT.

§559.72(9).

TPA- 26117
# 400

2.  Upon belief and information, Plaintiff contends that many of these practices are widespread and common actions of the Defendant. Plaintiff intends to propound discovery to Defendant in order to identify these other individuals who have suffered similar violations.

3.  Plaintiff contends that the Collection Company Defendant has violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

## JURISDICTION AND VENUE

4.  Jurisdiction of this Court arises under, 15 U.S.C. §1692k(d), Fla. Stat. §47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

5.  Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

6.  This is an action for damages which exceed $5,000.

## PARTIES

7.  Plaintiff, BARTON TAYLOR COOK III, is a natural person and is a resident of Manatee County, Florida.

8.     Upon information and belief Defendant, ETHICAL RECOVERY

SOLUTIONS, LLC ("ETHICAL RECOVERY SOLUTIONS, LLC") is a

Florida corporation, authorized to do business in Florida.

9.     Defendant ETHICAL RECOVERY SOLUTIONS, LLC is a Debt

Collector, subject to the Fair Debt Collection Practices Act, 15 U.S.C.

§1692 & seq. ("FDCPA").

10.     Defendant ETHICAL RECOVERY SOLUTIONS, LLC is an entity which

collects debts, bringing it within the ambit of the Florida Consumer

Collection Practices Act ("FCCPA").


## FACTUAL ALLEGATIONS

11.     Plaintiff has no prior or present established relationship with the Defendant

ETHICAL RECOVERY SOLUTIONS, LLC.

12.     Plaintiff has never given Defendant express permission to call Plaintiff's

cellular phone.

13.     Plaintiff has no contractual obligation to pay Defendant ETHICAL

RECOVERY SOLUTIONS, LLC.

14.     On December 27, 2013 at 9:25 a.m. Defendant ETHICAL RECOVERY

SOLUTIONS left a recorded message using automatic telephone dialing

system or artificial or prerecorded voices on Plaintiffs cellular phone.

15.     On December 27, 2013 at 9:25a.m. Defendant ETHICAL RECOVERY

        SOLUTIONS called Plaintiff's cellular phone with no prior permission

        given by Plaintiff.

16.     On January 16, 2014 at 12:50 p.m Defendant ETHICAL RECOVERY

        SOLUTIONS left a recorded message using automatic telephone dialing

        system or artificial or prerecorded voices on Plaintiffs cellular phone.

17.     On January 16, 2014 at 12:50 p.m Defendant ETHICAL RECOVERY

        SOLUTIONS called Plaintiff's cellular phone with no prior permission

        given by Plaintiff.

18.     On October 23, 2013. Defendant ETHICAL RECOVERY SOLUTIONS,

        LLC sent Plaintiff a debt collection letter with the company name

        ETHICAL RECOVERY SOLUTIONS, visible on the envelope.

19.     On October 23, 2013. Defendant ETHICAL RECOVERY SOLUTIONS,

        LLC asserted a right which it lacks, to wit, the right to enforce a debt.

## COUNT I
## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(1)(A) BY DEFENDANT DEBT COLLECTOR

20.     Plaintiff alleges and incorporates the information in paragraphs 1 through

        19.

21.     Defendant ETHICAL RECOVERY SOLUTIONS, has demonstrated

        willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using

        an automatic telephone dialing system to call Plaintiffs number and leave a

        prerecorded message.

22.     47 U.S.C. §227(b)(1)(A) states in part;

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

23.     Defendant, ETHICAL RECOVERY SOLUTIONS, has called the Plaintiff 3 times using an automatic dialing system and a prerecorded voice.

24.     Defendant ETHICAL RECOVERY SOLUTIONS has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the Plaintiff's number no less than 3 times and using an automatic dialing system and a prerecorded voice. The 3 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional.

25.     Defendant ETHICAL RECOVERY SOLUTIONS violated 47 U.S.C. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

26.     Plaintiff and ETHICAL RECOVERY SOLUTIONS do not have an established business relationship within the meaning of 47 U.S.C. §227. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

**WHEREFORE**, Plaintiff demands judgment for damages against ETHICAL RECOVERY SOLUTIONS for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 47 U.S.C §227.

**COUNT II**
**VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C.**
**§227(b)(1)(A)(iii) BY DEFENDANT DEBT COLLECTOR**

27.    Plaintiff alleges and incorporates the information in paragraphs 1 through 26

28.    Defendant ETHICAL RECOVERY SOLUTIONS has called the Plaintiffs cellular phone 2 times contrary to 47 U.S.C. §227(b)(1)(A)(iii).

29.    47 U.S.C. §227(b)(1)(A)(iii) states in part;

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

30.    Defendant ETHICAL RECOVERY SOLUTIONS has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by calling the Plaintiff's number 2 times, which is assigned to a cellular telephone service. The Plaintiff has never given ETHICAL RECOVERY SOLUTIONS permission to call Plaintiffs cellular phone. The 2 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

31.    Plaintiff and ETHICAL RECOVERY SOLUTIONS do not have an established business relationship within the meaning of 47 U.S.C. §227.

Plaintiff is entitled to damages of $1500 per violation pursuant to 47

U.S.C. §227(b)(3)(B).

**WHEREFORE,** Plaintiff demands judgment for damages against DEBT COLLECTOR for

actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 47 U.S.C §227.

## COUNT III

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692e(10) BY DEFENDANT ETHICAL RECOVERY SOLUTIONS, LLC

32.     Plaintiff alleges and incorporates the information in paragraphs 1 through

31.

33.     Defendants ETHICAL RECOVERY SOLUTIONS, LLC violated 15

U.S.C. §1692e(10) by the use of a false representation or deceptive means

to collect or attempt to collect a debt or to obtain information concerning a

consumer.

34.     15 U.S.C. §1692e(10) states in part;

A ETHICAL RECOVERY SOLUTIONS, LLC may not use any false,
deceptive, or misleading representation or means in connection with the
collection of any debt. Without limiting the general application of the
foregoing, the following conduct is a violation of this section:

(10)    The use of any false representation or deceptive means to collect or
attempt to collect any debt or to obtain information concerning a consumer.

**WHEREFORE,** Plaintiff demands judgment for damages against ETHICAL RECOVERY

SOLUTIONS, LLC for actual, statutory, and punitive damages, attorney's fees and costs,

pursuant to 15 U.S.C. §1692.

## COUNT IV
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692e(2) BY DEFENDANT ETHICAL RECOVERY SOLUTIONS, LLC

35.     Plaintiff alleges and incorporates the information in paragraphs 1 through 34.

36.     Defendant ETHICAL RECOVERY SOLUTIONS, LLC violated 15 U.S.C. §1692e(2) by using any other false, deceptive, or misleading representation or means in connection with the debt collection. By misstating the amount of debt that is owed.

37.     15 U.S.C. §1692e(2) states in part;

A ETHICAL RECOVERY SOLUTIONS, LLC may not use any false, deceptive, or misleading representation or means in connection with the debt collection.

(2)   Character, amount, or legal status of the alleged debt.

**WHEREFORE**, Plaintiff demands judgment for damages against ETHICAL RECOVERY SOLUTIONS, LLC for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

## COUNT V
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692f(8) BY DEFENDANT ETHICAL RECOVERY SOLUTIONS, LLC

38.     Plaintiff alleges and incorporates the information in paragraphs 1 through 37.

39.     Defendant ETHICAL RECOVERY SOLUTIONS, LLC violated 15 U.S.C. §1692f(8) by mailing Plaintiff via USPS a 30-day validation notice that displayed the name of the defendant, ETHICAL RECOVERY SOLUTIONS, LLC, on the envelope.

40.       15 U.S.C. §1692f(8) states in part;

A ETHICAL RECOVERY SOLUTIONS, LLC may not use any unfair or unconscionable means to collect or attempt to collect the alleged debt.

(8)    Any language or symbol on the envelope that indicates the communication concerns debt collection.

**WHEREFORE**, Plaintiff demands judgment for damages against ETHICAL RECOVERY

SOLUTIONS, LLC for actual, statutory, and punitive damages, attorney's fees and costs,

pursuant to 15 U.S.C. §1692.

## COUNT VI
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559 BY DEFENDANT ETHICAL RECOVERY SOLUTIONS, LLC

41.       Plaintiff alleges and incorporates the information in paragraphs 1 through

41.

42.       Plaintiff is a consumer within the meaning of §559.55(2).

43.       ETHICAL RECOVERY SOLUTIONS, LLC is a DEBT COLLECTOR

within the meaning of §559.55(6).

44.       ETHICAL RECOVERY SOLUTIONS, LLC violated §559.72(9) by

claim, attempt, or threatening to enforce a debt when such a person knows

that the debt in not legitimate or asserts the existence of some other legal

right when such person knows that the right does not exist.

45.       FLA. STAT. §559.72(9) states in part;

In collecting consumer debts, no person shall:

(9)    Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;

## COUNT VII

## INJUCTIVE RELIEF AGAINST DEFENDANT ETHICAL RECOVERY SOLUTIONS, LLC

46.     After conducting multiple attempts to collect an alleged but nonexistent debt, the Defendant ETHICAL RECOVERY SOLUTIONS, LLC has demonstrated that absent injunction, they have no intention of obeying the law.

47.     While statutory damages provide partial remedy for past violations by Defendant ETHICAL RECOVERY SOLUTIONS, LLC, they are but an approximation of the harm they have performed and insufficient to bar future violations. Thus, monetary damages alone are an inadequate remedy.

48.     Fla. Stat. § 559.77(2) provides that a person aggrieved by violation of the FCCPA may have an injunction to bar future practices.

49.     The Florida Rules of Civil Procedure 1.610(c) provides that an injunction binds officers, agents, servants, and employees of the parties, but is only binding upon such outside entities as have actual knowledge of the injunction. Thus, in order for an injunction to be effective, it is necessary to identify those outside entities with which Plaintiff deals, and to have them informed of the presence of an injunction.

50.     Plaintiff has no way to determine the identities of the entities with which Defendant ETHICAL RECOVERY SOLUTIONS, LLC deals in order to send its mailings, make its phone calls, and otherwise engage in its efforts to collect the debt.

**WHEREFORE,** Plaintiff would ask the Honorable Court for an order;

(a) Barring Defendants from contacting **BARTON TAYLOR COOK III**

directly;

(b) Requiring Defendants to furnish a copy of the order to each outside

entity with which it deals for debt collection services;

(c) Requiring Defendants to furnish a list of such entities and the dates

with which they were furnished with the order.

Respectfully Submitted,

_____

BARTON TAYLOR COOK III

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 1ST Day of October 2014.

_____

BARTON TAYLOR COOK III
4212 Dover Drive E
Bradenton, FL 34203